IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LASHUNDA L. COOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 23-cv-725-RJD |
| v. | ) | |
| | ) | |
| TODD EMMS and BRYAN GRYZMALA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) and Motion for Recruitment of Counsel (Doc. 4). Plaintiff filed this lawsuit pro se. She completed a form provided by this Court for pro se civil rights actions, but her allegations indicate that her claim against defendants arises under state law for acts of negligence.

Plaintiff is a citizen of Illinois. Doc. 1, p. 1. She rented an apartment in Cahokia, Illinois from Defendants Todd Emms and Bryan Gryzmala; she provides a Missouri address for Defendants. *Id.*, p. 1-2. Plaintiff lived in the apartment from March 1, 2020 to March 1, 2021. *Id.*, p. 3. The ceiling light in the living room of the apartment was wired in a hazardous manner and at a dangerous voltage. *Id.*, p. 3. Plaintiff was routinely electrocuted by the light, causing her body to twitch and jerk and her skin to itch. *Id.*, p. 5. She also suffered headaches and emotional distress. *Id.* She called Defendants multiple times to report the hazardous condition, and they promised they were "coming" to her apartment, but never did. *Id.*

In granting a motion for pauper status, a court authorizes a lawsuit to proceed without

Page **1** of **3**

prepayment of fees.   The Prison Litigation Reform Act ("PLRA") significantly changed the district court's responsibilities in reviewing pro se complaints and in forma pauperis motions. The Seventh Circuit has clarified that the PLRA "changed §1915 not only for cases brought by prisoners, but in some respect for all indigent litigants."   *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997).   Under the PLRA, the Court must screen all complaints filed by plaintiffs seeking to proceed in forma pauperis, regardless of whether the plaintiff is a prisoner, and dismiss the complaint if (a) the allegation of poverty is untrue; (b) the action is frivolous or malicious; (c) the action fails to state a claim upon which relief can be granted; or (d) the action seeks monetary relief against a defendant immune to such relief.   28 U.S.C. §1915(e)(2).

The Court is satisfied that Plaintiff is indigent.   She signed an affidavit reflecting that she receives a minimal monthly income and has no assets.   Doc. 3.   The Court must now consider whether Plaintiff's complaint satisfies 28 U.S.C. §1915(e)(2), considering that pro se complaints are "liberally construed…however inartfully pleaded."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted).   Under Illinois common law, a landlord may be liable for negligently maintaining a tenant's apartment if the landlord "expressly agreed to keep the premises or parts of it in good repair" or "voluntarily assumed the maintenance obligation by [his] conduct."   *Nunez v. Diaz*, 2017 IL App (1st) 170607, ¶42 (internal citations and quotations omitted).   Considering the liberal standard by which Plaintiff's Complaint is to be judged, she has adequately pled that Defendants voluntarily assumed the maintenance obligation by promising to come to her apartment when she reported the dangerous condition.

As far as subject matter jurisdiction, it appears from Plaintiff's Complaint that there is diversity among her (a citizen of Illinois) and Defendants (citizens of Missouri).   28 §1332(a). By describing her physical injuries (multiple electrocutions over the course of a year), she has

alleged that the amount in controversy plausibly exceeds $75,000.   *Id.*

Accordingly, Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 3) is GRANTED.   The Clerk of Court is directed to mail the following items to both Defendants at the address given in Plaintiff's Complaint (Doc. 1, p. 1 and 2): (1) Waiver of Service form;   (2) a copy of the Complaint; (3) a copy of this Order.

Plaintiff also filed a Motion for Recruitment of Counsel.   Doc. 4.   When presented with a request to appoint counsel, the Court makes the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it herself.   *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).   As an initial matter, the Court notes that Plaintiff has not met her threshold burden in attempting to recruit counsel on her own and therefore her Motion for Recruitment of Counsel (Doc. 4) is DENIED WITHOUT PREJUDICE.   To sufficiently demonstrate that she attempted to recruit counsel, Plaintiff must contact at least three attorneys to ask if they will represent her.   If Plaintiff refiles her Motion for Recruitment of Counsel, she shall attach copies of the letters she sent those attorneys, or copies of letters she received from them in response.

**IT IS SO ORDERED.**

**DATED:   August 4, 2023**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**