IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LASHUNDA L. COOKS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 23-cv-725-RJD |
| TODD EMMS and BRYAN GRYZMALA, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is again before the Court for purposes of case management. Plaintiff filed this lawsuit pro se and alleged that from March 1, 2020-March 1, 2021, she lived in an apartment in Cahokia, Illinois that she rented from Defendants Todd Emms and Bryan Gryzmala. Doc. 1, p. 1-2. The Court allowed Plaintiff to proceed in forma pauperis, finding that she had adequately alleged a state law claim against Defendants for negligently maintaining her apartment. Doc. 6. Regarding subject matter jurisdiction, the Court found that Plaintiff's allegations reflected that diversity jurisdiction existed in this case. Doc. 6. Plaintiff provided an address in Missouri for both Defendants, and she was living in Illinois at the time she filed the Complaint. Doc. 1, pp. 1-2. Considering the description of her physical injuries (multiple electrocutions over a year), the amount in controversy plausibly exceeds $75,000. Doc. 6.

Three days ago, the Court entered an Order, noting that Defendants had never been served (as it appeared Plaintiff had provided Defendants' work address, instead of home addresses) and that the Court doubted whether it had subject matter jurisdiction in this matter, as a simple internet

search indicated that at least one of the Defendants was a citizen of Illinois. Doc. 20. The Court ordered Plaintiff to file a pleading before November 21, 2025, providing the Court with any information she had regarding whether Defendants were citizens of Illinois or Missouri (or any other state) and addresses at which they could be served. *Id.* After the Court entered the Order, but later that same day, Defendants appeared through counsel. They did not contest service. Instead, they filed a Motion to Dismiss, contending that Plaintiff had failed to state a civil rights claim against them, even though Plaintiff's Complaint does not allege that they violated her civil rights (Doc. 1-4, p. 2) and the Court found that her claim adequately alleged negligence under Illinois state law.[1] Doc. 6.

In any event, and considering that Plaintiff is proceeding pro se, Defendants are certainly in a better position to provide information as to the state(s) of which they are citizens. On or before October 30, 2025, Defendants shall file a brief and any supporting documentation regarding the state(s) of which they are citizens for purpose of the diversity jurisdiction statute, 28 U.S.C. §1332(a). Plaintiff shall file a response to Defendants' brief on or before December 1, 2025. However, it is no longer necessary for Plaintiff to provide information on Defendants' addresses. The Show Cause Order entered on October 20, 2025 is VACATED.

**DATED:   October 23, 2025**

                     s/ *Reona J. Daly*
                     **Hon. Reona J. Daly**
                     **United States Magistrate Judge**

---

[1] Plaintiff used a form available from this Court that is available for pro se plaintiffs. The form is titled "Pro Se Civil Rights Complaint." However, throughout the body of the Complaint, Plaintiff does not allege that they violated her civil rights and the Court addressed this contradiction in the merits review order. Doc. 6, p. 1.