IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LASHUNDA L. COOKS, ) <br> ) <br> Plaintiff, ) <br> ) Case No. 23-cv-725-RJD <br> v. ) <br> ) <br> TODD EMMS and BRYAN GRYZMALA, ) <br> ) <br> Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is again before the Court on the issue of whether the Court has subject matter jurisdiction.[1]  Plaintiff filed this lawsuit pro se and alleged that from March 1, 2020-March 1, 2021, she lived in an apartment in Cahokia, Illinois that she rented from Defendants Todd Emms and Bryan Gryzmala.  Doc. 1, p. 1-2.  The Court allowed Plaintiff to proceed in forma pauperis, finding that she had adequately alleged a state law claim against Defendants for negligently maintaining her apartment.  Doc. 6.  Regarding subject matter jurisdiction, the Court found that Plaintiff's allegations reflected that diversity jurisdiction existed in this case.  Doc. 6.  Plaintiff provided an address in Missouri for both Defendants, and she was living in Illinois at the time she filed the Complaint.  Doc. 1, pp. 1-2.  Considering the description of her physical injuries (multiple electrocutions over a year), the amount in controversy plausibly exceeds $75,000.  Doc. 6.

Upon motion by Plaintiff, the Court ordered service by the U.S. Marshal on Defendants.

---

[1] The undersigned proceeds pursuant to consent by all parties.  Docs. 5 and 32.

Docs. 14 and 15. While the Court was awaiting service, a simple internet search revealed that Defendant Gryzmala was likely a citizen of Illinois. Doc. 20. Defendants appeared through counsel and were ordered to submit a jurisdictional brief regarding their citizenship at the time this case was filed. Docs. 25 and 27. Their filings reflect that Defendant Gryzmala was a citizen of Illinois when Plaintiff filed suit. Docs. 28 and 29. Accordingly, diversity jurisdiction does not exist in this case. 28 U.S.C. §1332(a); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1979).

Because there is no diversity jurisdiction and Plaintiff's Complaint does not allege a federal question, this case must be dismissed for lack of subject matter jurisdiction. *See Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("[j]urisdiction is the 'power to declare law' and without it the federal courts cannot proceed"); *Hay v. Indiana State Bd. of Tax Com'rs*, 312 F.3d 876, 889 (7th Cir. 2002) ("not only may the federal courts police subject matter jurisdiction *sua sponte*, they must"). Plaintiff was ordered to file any objection to dismissal by December 1, 2025 (Doc. 30). Plaintiff has since filed a Motion to Dismiss and acknowledged the lack of subject matter jurisdiction. Doc. 34. This matter is therefore DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter judgment accordingly. All pending deadlines are VACATED and motions are DENIED AS MOOT.

**DATED:   December 1, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**